United States Courts
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT   MAR 1 4 2005
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION   Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., | § | |
| C. JOE NELSON, JR., DORIS MAE | § | |
| NELSON, VANESSA JO NELSON | § | |
| VALLEJO, VICKIE JO NELSON | § | |
| SALAZAR, CHILDRESS SEAFOOD, | § | CIVIL ACTION NO. _____ |
| INC., W. F. CHILDRESS | § | |
| AND ALTON LEE KELLY | § | |
| | § | |
| VS. | § | JURY TRIAL DEMANDED |
| | § | |
| PBS&J FORMERLY ESPEY, HUSTON | § | |
| & ASSOCIATES, INC., BERTUCCI | § | |
| CONTRACTING CORPORATION | § | |
| AND WEEKS MARINE, INC. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR., DORIS

MAE NELSON, VANESSA JO NELSON VALLEJO, VICKIE JO NELSON

SALAZAR, CHILDRESS SEAFOOD, INC., W. F. CHILDRESS and ALTON LEE

KELLY, hereinafter referred to as "Plaintiffs," complaining of and about PBS&J

FORMERLY ESPEY, HUSTON & ASSOCIATES, INC., BERTUCCI CONTRACTING

CORPORATION and WEEKS MARINE, INC., hereinafter referred to as Defendants,

whether one or more, and for cause of action would show unto the Court the following:

I.
## JURISDICTION AND VENUE

1.     This Court has jurisdiction and venue is proper in the United States District Court

for the Southern District of Texas because all events giving rise to this action

occurred in Chambers County and/or Galveston County, Texas, and Plaintiffs are

residents of Chambers County, Texas.  This Court has jurisdiction over all claims herein asserted by virtue of Federal Question jurisdiction under 28 USC § 1331. This Court further has pendant jurisdiction over all State law claims herein asserted.

II.
PARTIES AND SERVICE

2.    Plaintiff, FISHERMAN'S HARVEST, INC., is a Texas corporation.

3.    Plaintiffs C. JOE NELSON, JR. and DORIS MAE NELSON, bring this action individually and as husband and wife and as shareholders in FISHERMAN'S HARVEST, INC.  Plaintiffs reside in Chambers County, Texas.

4.    Plaintiff, VANESSA JO NELSON VALLEJO, brings this action individually. Plaintiff resides in Chambers County, Texas.

5.    Plaintiff, VICKIE JO NELSON SALAZAR, brings this action individually. Plaintiff resides in Chambers County, Texas.

6.    Plaintiff, CHILDRESS SEAFOOD, INC., is a Texas corporation.

7.    Plaintiff, W. F. CHILDRESS, brings this action individually and as a shareholder in CHILDRESS SEAFOOD, INC.  Plaintiff resides in Chambers County, Texas.

8.    Plaintiff, ALTON LEE KELLY, brings this action individually.  Plaintiff resides in Chambers County, Texas.

9.    Defendant, PBS&J FORMERLY ESPEY, HUSTON & ASSOCIATES, INC., is a Texas corporation and may be served with process by serving its registered agent for service, C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201, by certified mail, return receipt requested, delivery restricted to addressee only, in accordance with F.R.Civ.P. 4.

2

10.    Defendant, BERTUCCI CONTRACTING CORPORATION, is a Louisiana corporation and may be served with process by serving its registered agent for service, Anthony J. Zelenka, #7 River Road, Jefferson, Louisiana  70121, by certified mail, return receipt requested, delivery restricted to addressee only, in accordance with F.R.Civ.P. 4.

11.    Defendant, WEEKS MARINE, INC., is a New Jersey corporation and may be served with process by serving its registered agent for service, Patricia Driggers, 106 DeRouche Avenue, Bourg, Louisiana  70343, by certified mail, return receipt requested, delivery restricted to addressee only, in accordance with F.R.Civ.P. 4.

III.
FACTS

12.    Plaintiffs are the owners and/or beneficial owners of one or more oyster leases located in Galveston Bay and/or Trinity Bay, as well as one or more businesses involved in the harvest, processing and sale of oysters in Smith Point, Chambers County, Texas.

13.    Defendants are design engineers and/or contractors that contracted with the United States Army Corp of Engineers to provide one or more services in regard to the maintenance dredging project known as the Trinity River and Tributaries, Texas Maintenance Dredging, Channel to Smith Point Galveston Bay, Galveston and Chambers Counties, Texas, hereinafter referred to as "the project in question."

14.    Defendant, PBS&J, was retained as the designer engineer and/or design consultant on behalf of the United States Army Corp of Engineers to plan and/or

3

design and/or to issue specifications for, perform testing services and/or monitor the maintenance dredging in regards to the project in question.

15. Defendant, WEEKS MARINE, INC., was the dredge contractor retained, hired and contracted by the United States Army Corp of Engineers to perform the maintenance dredging of the channel in regards to the project in question.

16. Defendant, BERTUCCI CONTRACTING CORPORATION, by contract or subcontract, was the entity responsible for the design and/or construction and implementation of the "geo tubes" and sediment barriers for use in the dredging project in question. Defendant, BERTUCCI CONTRACTING CORPORATION, was further responsible, in whole or in part, for the building of the beneficial use areas for the project in question along with Defendant WEEKS MARINE.

17. The Defendants named hereinafter are respectively referred to as Defendant PBS&J, Defendant BERTUCCI and Defendant WEEKS MARINE, and will hereinafter be collectively referred to as Defendants.

18. Whenever it is alleged that Defendants committed an act, error, omission, or the conduct described therein, it is meant that such acts, errors, omissions and conduct was committed by those acting on behalf of Defendants, including, but not limited to, all agents, officers, employees, representatives, servants, shareholders and directors, all of whom were at all times material hereto acting within the course and scope of their employment and/or agency and/or with the apparent, expressed and/or implied authority of Defendants, and for whom Defendants are responsible in their corporate capacity.

4

19.   Defendants, whose conduct is set forth more fully below, were involved in the planning, designing, implementation and dredging for this maintenance and dredging project, upon which such services contributed to, and were relied upon by the United States Army Corp of Engineers for the design, implementation, construction and performance of one or more duties and/or aspects of the dredging project in question.

20.   Each of the Defendants were aware, based upon information provided, prior to the beginning of the project in question in July of 2003, that the project in question would and/or was likely to cause serious and substantial damages to the oyster leases owned by Plaintiffs and public oyster areas from which Plaintiffs dredged and obtained oysters in the Trinity Bay and Galveston Bay areas near the dredging project in question.

21.   Defendants were further aware that the failure to implement appropriate procedures in the design and/or construction of the project in question and/or proper precautions while dredging would result in the discharge of one or more toxic and/or dangerous sediments, and/or other sediments that would greatly damage and/or destroy Plaintiffs' oysters reefs as well as the reefs and/or silt which were considered "public" and upon which Plaintiffs dredged for oysters for sale in their respective businesses.

22.   The actual dredging began in July of 2003, and continued until August of 2003. Subsequent to the dredging of the project in question, it was determined that sediments, silt and by-products from the dredge operations had spilled upon and/or was discharged upon one or more of Plaintiffs' leases causing extensive

5

damage, if not the total destruction, to one or more of Plaintiffs' leases as well as the partial damage to and/or the complete destruction of one or more "public" areas upon which Plaintiffs harvested and/or dredged oysters.  It was further determined after July of 2003 that the geo tubes had failed and/or such Defendants did not properly construct the barriers necessary to discharge of silt, sediments and/or other toxic materials on to Plaintiffs' leases.

IV.
FIRST CAUSE OF ACTION
FOR NEGLIGENCE AGAINST DEFENDANT PBS&J

23.   Plaintiffs re-alleged the allegations contained above and further allege that Defendant, PBS&J, was negligent in the following:

1.  In failing to properly and adequately perform the underwater survey in the channels of Smith Point in Chambers County and Galveston County, Texas, such survey being relied upon by the United States Army Corp of Engineers Galveston District;

2.  In failing to properly design the geo tubes on behalf of the United States Army Corp of Engineers, to efficiently and appropriately safeguard and protect Plaintiffs' reefs and/or the "public" reefs upon which the Plaintiffs dredge oysters in Galveston County and Chambers County, Texas;

3.  In failing to implement or design proper "beneficial use" areas and/or retaining areas for the sediments caused by the dredging in question, resulting in the total loss of one or more of Plaintiffs' leases as well as the loss of the use of "public" lands in which the Plaintiffs dredge oysters;

4.  In failing to properly supervise and/or implement any design plan provided by PBS&J in regards to the dredging problem in question;

5.  In failing to provide proper and adequate documentation to the United States Army Corp of Engineers regarding the necessary precautions that would need to be taken prior to the beginning of the dredge project in question;

6.  In failing to comply with one or more state and/or federal statutes including the Federal legislature known as the Clean Water Act and Texas state

6

equivalent in regards to the activities that such Defendant was performing in regards to the project in question;

7. In committing one or more violations of law in failing to comply with the environmental impact study for the project in question and/or providing faulty and/or inaccurate information in the environmental impact study for the project in question;

8. In failing to insure that the project would be completed in accordance with the environmental impact study for the project in question;

9. In failing to adequately assess the proper amount of sediment or discharge materials and types there from during the dredging operations; and

10. In committing such other acts of negligence and/or gross negligence as will be shown at trial.

## V.
## SECOND CAUSE OF ACTION
## FOR NEGLIGENCE AGAINST DEFENDANT BERTUCCI

24.    Plaintiffs re-allege the allegations contained above and further allege that

Defendant, BERTUCCI, was negligent in the following:

1. In starting and/or allowing the operation to continue during the inclement weather, and not on schedule;

2. In failing to provide adequate and proper safeguards to prevent the release or discharge of materials on the Plaintiffs' leases and the "public" areas in which Plaintiffs dredge oysters;

3. In failing to adequately advise the United States Army Corp of Engineers as to the problems and/or potential problems occurring on the project and failing to properly warn interested parties in the area such as Plaintiffs of the dangers of the dredge operations in question if adequate safeguards are not provided;

4. In failing to maintain control of its employees on the project in question, and allowing silt and/or other contaminants to be deposited directly and/or indirectly onto Plaintiffs' leases;

5. In failing to comply with the Federal Clean Water Act and the equivalent State Act for allowing the discharge of silt and other contaminants into Galveston Bay and/or Trinity Bay during the project in question;

6. In failing to prepare and/or build its portions of the dredging project in question in accordance with the specifications for the project and in accordance with the environmental impact study requirements for the project in question;

7. In failing to construct and/or maintain the geo tubes and spill containment areas in a manner so as to prevent the discharge and leakage of sediments, silt and other toxic substances onto Plaintiffs' leases; and

8. In committing further negligence as will be shown at trial.

## VI.
## THIRD CAUSE OF ACTION
## FOR NEGLIGENCE AGAINST DEFENDANT WEEKS MARINE

25. Plaintiffs re-allege the allegations contained above and further allege that

Defendant, WEEKS MARINE, was negligent in the following:

1. In starting and/or allowing the operation to continue during the inclement weather, and not on schedule;

2. In failing to provide adequate and proper safeguards to prevent the release or discharge of materials, silt and other sediments and/or toxic materials on the Plaintiffs' leases and the "public" areas in which Plaintiffs dredge oysters;

3. In failing to adequately advise the United States Army Corp of Engineers as to the problems occurring on the project and failing to properly warn interested parties in the area such as Plaintiffs of the dangers caused by the dredge operations if adequate safeguards are not provided;

4. In failing to maintain control of its employees on the project in question;

5. In failing to comply with the provisions of the environmental impact study for the project in question;

6. In failing to comply with the Federal Clean Water Act and/or its State of Texas equivalent, in intentionally discharging and/or allowing silt, sediments and other toxic materials to be discharged into the waters near Plaintiffs leases and the public areas upon which Plaintiffs dredge oysters in Galveston and/or Trinity Bay;

7. In failing to comply with the requirements of the environmental impact study for the project in question; and

8. In committing further negligence as will be shown at trial.

## VII.
## CAUSES OF ACTION AGAINST
## ALL DEFENDANTS FOR NEGLIGENCE AND NEGLIGENCE PER SE'

26.     Plaintiffs will respectfully show at all times material hereto, Defendants, jointly

and severally, committed one or more acts, errors, or omissions in violation of one

or more state or federal statutes.

## VIII.
## CAUSE OF ACTION AGAINST
## ALL DEFENDANTS FOR GROSS NEGLIGENCE

27.     Plaintiffs will respectfully show that the acts, errors, or omissions committed by

Defendants were committed knowingly and therefore, Defendants are guilty of

gross negligence.

## IX.

28.     Plaintiffs will respectfully show that Defendants have violated the Clean Water

Act in intentionally discharging and/or allowing silt, sediments and other toxic

materials to be discharged into the waters near Plaintiffs leases and the public

areas upon which Plaintiffs dredge oysters in Galveston and/or Trinity Bay.

## X.
## DAMAGES

29.     The conduct of Defendants as described above was a cause, proximate cause

and/or producing cause of the damages sustained by Plaintiffs.

30.     All of the allegations contained in the previous paragraphs are realleged herein.

31.     Plaintiffs further allege that as a result of such acts, errors and omissions on the

part of Defendants as described above, Plaintiffs have been made to suffer the

following elements of damages:

1. Actual damages for Plaintiffs, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR. and DORIS MAE NELSON, in an amount that exceeds $4,288,467.00;

2. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, FISHERMAN'S HARVEST, INC., C. JOE NELSON, JR. and DORIS MAE NELSON, in an amount in excess of $8,000,000.00, but not more than $10,000,000.00;

3. Actual damages for Plaintiff, VANESSA JO NELSON VALLEJO, in an amount that exceeds $279,675.00;

4. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiff, VANESSA JO NELSON VALLEJO, in an amount in excess of $600,000.00, but not more than $100,000.00;

5. Actual damages for Plaintiffs, VICKIE JO NELSON SALAZAR, in an amount that exceeds $5,814,483.00;

6. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, VICKIE JO NELSON SALAZAR, in an amount in excess of $11,000,000.00, but not more than $15,000,000.00;

7. Actual damages for Plaintiffs, CHILDRESS SEAFOOD, INC. and W. F. CHILDRESS, in an amount that exceeds $5,359,558.00;

8. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, CHILDRESS SEAFOOD, INC. and W. F. CHILDRESS, in an amount in excess of $11,000,000.00, but not more than $15,000,000.00;

9. Actual damages for Plaintiffs, ALTON LEE KELLY, in an amount that exceeds $3,221,333.00;

10. Emotional distress and/or exemplary damages and all other damages as allowed by law for Plaintiffs, ALTON LEE KELLY, in an amount in excess of $6,000,000.00, but not more than $10,000,000.00;

11. Actual damages, damage for emotional distress, and/or exemplary damages for all Plaintiffs from and after the date this petition is filed and continuing until the date of trial, in an amount to be determined, as the nature of these damages is continuing and progressive; and

12. Fees for legal expenses through trial at a fair and reasonable rate.

## PRAYER

32.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs, FISHERMAN'S
HARVEST, INC., C. JOE NELSON, JR., DORIS MAE NELSON, VANESSA
JO NELSON VALLEJO, VICKIE JO NELSON SALAZAR, CHILDRESS
SEAFOOD, INC., W. F. CHILDRESS and ALTON LEE KELLY, respectfully
pray that Defendants be cited to appear and answer herein, and that upon trial of
this case, Plaintiffs do have and recover from Defendants, jointly and severally:

1. Actual damages in an amount that exceeds the minimal jurisdictional limits of
this Court;

2. All punitive and/or exemplary damages in an amount that exceeds the
minimal jurisdictional limits of this Court;

3. Pre-judgment and post judgment interest as allowed by law;

4. Reasonable attorney's fees and all costs of Court herein incurred; and

5. Such other and further relief to which Plaintiffs may show themselves justly
entitled, at law or in equity.

Respectfully submitted,

LAW OFFICE OF DAVID BERNSEN, PC
P.O. Box 822
Beaumont, Texas  77704
(409) 832-1957
(409) 832-2211 [FACSIMILE]
davidebernsen@aol.com

BY:

DAVID ERIC BERNSEN
State Bar No. 02217500

AND

A. MARK FAGGARD, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas 77701
(409) 835-4300
(409) 835-4335 [FACSIMILE]
amark-f@sbcglobal.net


BY: _Mark Faggard / with permission_
A. MARK FAGGARD
State Bar No. 06772000


ATTORNEYS FOR PLAINTIFFS,
FISHERMAN'S HARVEST, INC., C. JOE
NELSON, JR., DORIS MAE NELSON,
VANESSA JO NELSON VALLEJO,
and VICKIE JO NELSON SALAZAR


TOLLESON & NASH
26510 Keith Street
Spring, Texas 77373
(281) 350-3900
(281) 350-9977 [FACIMILE]


BY: _Shannon Nash / with permission_
SHANNON T. NASH
State Bar No. 14811620


ATTORNEYS FOR PLAINTIFFS,
CHILDRESS SEAFOOD, INC.
and W. F. CHILDRESS

12

TOLLESON & NASH
26510 Keith Street
Spring, Texas  77373
(281) 350-3900
(281) 350-9977 [FACIMILE]


BY: _Shannon Nash /with permission_
      SHANNON T. NASH
      State Bar No. 14811620

AND

A. MARK FAGGARD, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas  77701
(409) 835-4300
(409) 835-4335 [FACSIMILE]
amark-f@sbcglobal.net


BY: _Mark Jaggard /with permission_
      A. MARK FAGGARD
      State Bar No. 06772000


ATTORNEYS FOR PLAINTIFF,
ALTON LEE KELLY

**⬥JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson Vallejo, Vickie Jo Nelson Salazar, Childress Seafood, Inc., W.

**(b)** County of Residence of First Listed Plaintiff **Chambers**

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of David E. Bernsen, P.C., P. O. Box 822, Beaumont, TX 77704; (409) 832-1957 ("SEE ATTACHMENT")

## DEFENDANTS

PBS&J Formerly Espey, Huston & Associates, Inc., Bertucci Contracting Corporation and Weeks Marine, Inc.

County of Residence of First Listed ~~Southern District of Texas~~

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. MAR 1 4 2005

Attorneys (If Known)

~~Michael B. Milby, Clerk of Court~~

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1331

Brief description of cause:
Defendants acts and/or omissions caused damage to Plaintiffs' oyster leases.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
03/08/2005

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## CIVIL COVER SHEET
### Attachment

<u>Plaintiffs' Attorneys</u>:

**ATTORNEYS FOR PLAINTIFFS,
FISHERMAN'S HARVEST, INC., C. JOE
NELSON, JR., DORIS MAE NELSON,
VANESSA JO NELSON VALLEJO,
and VICKIE JO NELSON SALAZAR:**

DAVID ERIC BERNSEN
State Bar No. 02217500
LAW OFFICE OF DAVID BERNSEN, PC
P.O. Box 822
Beaumont, Texas  77704
(409) 832-1957
(409) 832-2211 [FACSIMILE]
<u>davidebernsen@aol.com</u>


**and**

A. MARK FAGGARD
State Bar No. 06772000
A. MARK FAGGARD, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas  77701
(409) 835-4300
(409) 835-4335 [FACSIMILE]
<u>amark-f@sbcglobal.net</u>

**ATTORNEYS FOR PLAINTIFFS,**
**CHILDRESS SEAFOOD, INC.**
**and W. F. CHILDRESS:**

SHANNON T. NASH
State Bar No. 14811620
TOLLESON & NASH
26510 Keith Street
Spring, Texas  77373
(281) 350-3900
(281) 350-9977 [FACIMILE]

**ATTORNEYS FOR PLAINTIFF,**
**ALTON LEE KELLY:**

SHANNON T. NASH
State Bar No. 14811620
TOLLESON & NASH
26510 Keith Street
Spring, Texas  77373
(281) 350-3900
(281) 350-9977 [FACIMILE]

AND

A. MARK FAGGARD
State Bar No. 06772000
A. MARK FAGGARD, P.C.
550 Fannin Street, Suite 1141
Beaumont, Texas  77701
(409) 835-4300
(409) 835-4335 [FACSIMILE]
amark-f@sbcglobal.net