**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-151 |
| | § | |
| WEEKS MARINE, INC., et al., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES ARMY CORPS OF | § | |
| ENGINEERS, | § | |
| | § | |
| Third-Party Defendant. | § | |

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS FOR LACK
OF JURISDICTION AND GRANTING THIRD-PARTY PLAINTIFF'S OPPOSED
MOTION TO TRANSFER TO THE UNITED STATES COURT OF FEDERAL CLAIMS**

Plaintiffs in this case seek recovery for alleged damages to private oyster leases caused by a United States Army Corps of Engineers ("USACE") dredging project. Plaintiffs sued various contractors and subcontractors on the project, and Defendant Weeks Marine, Inc. ("Weeks Marine") brought a third-party action against USACE, seeking contribution for any recoverable damages on the project. Now before the Court is USACE's Motion to Dismiss for Lack of Jurisdiction and Weeks Marine's Opposed Motion to Transfer to the Court of Federal Claims. For the reasons stated below, the Motion to Dismiss for Lack of Jurisdiction is **DENIED**, and the Motion to Transfer to the Court of Federal Claims is **GRANTED**.

**I. Background**

1

Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson Vallejo, Vickie Jo Nelson Salazar, Childress Seafood, Inc., W. F. Childress, and Alton Lee Kelly (collectively, "Plaintiffs") brought this lawsuit against PBS&J, Bertucci Contracting Cororation, Weeks Marine, and Luhr Brothers, Inc. (collectively, "Defendants") for damages to their private oyster leases.  All of the Defendants in this case were hired as contractors, subcontractors, or consultants on a USACE maintenance dredging project known as the Trinity River and Tributaries, Texas Maintenance Dredging, Channel to Smith Point Galveston Bay, Galveston and Chambers Counties, Texas (hereinafter, "dredging project").  Plaintiffs claim that the activities conducted in connection with the dredging project caused extensive damage to Plaintiffs' private oyster leases, located in Galveston Bay, Texas, and Trinity Bay, Texas.

Plaintiffs' Complaint specifically alleges that Weeks Marine was the dredge contractor retained, hired, and contracted by USACE to perform the maintenance dredging of the channel.  In this lawsuit, Plaintiffs do not seek relief against USACE, but only against the various contractors, subcontractors, and consultants.  In a separate cause of action, some of the Plaintiffs in this case, W.F. Childress and Childress Seafood (collectively, "Childress Plaintiffs"), sought relief against USACE only.  USACE filed a Motion to Dismiss, similar to the one it filed in this case, asserting that the United States Court of Federal Claims has exclusive jurisdiction over the claims against it.  The Childress Plaintiffs responded with a Motion to Transfer to the Court of Federal Claims.  On July 6, 2005, this Court transferred that cause of action to the Court of Federal Claims pursuant to 28 U.S.C. § 1631.  Once that lawsuit was transferred, the remaining Plaintiffs, who were not original parties to the action against USACE, were all joined in that lawsuit.  In addition, Weeks Marine sought and received leave to intervene in that cause of action.

2

On June 23, 2005, Weeks Marine filed a Third-Party Complaint against USACE asserting its right to contribution and indemnity.  In that Complaint, Weeks Marine alleged that USACE was the primary contractor involved in the planning, dredging, and implementation of the dredging project, and that it performed its work pursuant to the contract it had with USACE.  On October 3, 2005, in response to the Third-Party Complaint, USACE filed a Motion to Dismiss for Lack of Jurisdiction, asserting that the United States Court of Federal Claims has exclusive jurisdiction over the claims made by Weeks Marine against USACE.  Weeks Marine responded to the Motion to Dismiss with a Motion to Transfer to the United States Court of Federal Claims.

## II.  Legal Standard

### A.  Jurisdiction Over Oyster Growers' Damages From Dredging Operations

Under the Tucker Act, any case founded upon an Act of Congress for liquidated or non-liquidated damages in cases not sounding in tort in which the damages alleged exceed $10,000 in amount, belongs exclusively within the Court of Federal Claims. 28 U.S.C. § 1491(a)(1).  In addition to the jurisdiction conferred to the Court of Federal Claims by the Tucker Act, that Court has been given specific grants of jurisdiction in certain types of cases, such as damage to oyster leases from dredging operations.  Under 28 U.S.C. § 1497, the Court of Federal Claims has jurisdiction to "render judgment upon any claim for damages to oyster growers on private or leased lands or bottoms arising from dredging operations or use of other machinery and equipment in making river and harbor improvements authorized by Acts of Congress."

Whether this jurisdiction is exclusive has not been resolved by either the Supreme Court or any Circuit Courts.  A review of the relevant authority revealed that only one other court in the Fifth Circuit has reached the issue, and that court found that the United States Claims Court's (predecessor

3

to the Court of Federal Claims) jurisdiction under § 1497 is exclusive.  *See Vujnovich v. Great Lakes Dredge and Dock Co.*, No. 87-4489, 1988 WL 44295, at *1 (E.D. La. May 4, 1988); *see also* 6A Federal Procedural Forms § 18:49.  In addition, this Court's research revealed no cases in which District Courts have adjudicated causes of action under § 1497, whereas the Court of Federal Claims and its predecessor, the Court of Claims, have adjudicated several such actions.  *See Vujnovich*, at *1 (collecting cases).  Both Weeks Marine and USACE argue that the Court of Federal Claims has exclusive jurisdiction over this matter.  The Court finds that this is the logical interpretation of the statute.

### B.  Transfer to Cure Want of Jurisdiction

When a district court finds that it lacks jurisdiction to hear a case, it possesses the authority to cure the want of jurisdiction by transferring the case to any other such court in which the action could have been brought at the time it was filed.  28 U.S.C. § 1631.  Such transfer is warranted only if doing so "is in the interest of justice."  *Id.*

## III.  Analysis

USACE moves this Court to dismiss Weeks Marine's Third-Party Complaint without prejudice so that Weeks Marine retains the right to proceed in a court of proper jurisdiction.  Weeks Marine moves this Court to transfer the *entire* cause of action—encompassed by Plaintiff's Original Complaint and Weeks Marine's Third-Party Complaint—to the Court of Federal Claims pursuant to § 1497 and § 1631.  The Court finds that transfer of the entire case to the Court of Federal Claims is appropriate.

This case arises from the alleged damage to oyster leases caused by the dredging activities of Defendant Weeks Marine and others, which was done pursuant to their contracts with USACE.  This

4

Court has no jurisdiction to entertain Weeks Marine's claims against USACE.  *See* 28 U.S.C. § 1497; *Vujnovich v. Great Lakes Dredge and Dock Co.*, 1988 WL 44295 (E.D. La. May 4, 1988).  In lieu of dismissal, the Court finds that, pursuant to § 1631, it is in the interest of justice to cure the want of jurisdiction by transferring Weeks Marine's claims against the United States to the Court of Federal Claims.  *See Dunn McCampbell Royalty Interest v. Nat. Park Serv.*, 964 F. Supp. 1125, 1139 (S.D. Tex. 1995) (finding that where a court lacks jurisdiction over a takings claim it has authority under § 1631 to transfer the case to Court of Federal Claims).

As for Plaintiffs' claims against Weeks Marine and all other Defendants, the Court finds that these claims should also be transferred to the Court of Federal Claims.  First, there is nothing in § 1497 that would prohibit the Court from doing so.  Rather, the plain language of the statute grants jurisdiction over "any claim" for damages "arising from dredging operations...authorized by Acts of Congress." 28 U.S.C. § 1497.  Plaintiffs' claims against Defendants arise from dredging operations in Trinity Bay and Galveston Bay that were "authorized by Acts of Congress."  Second, it would be in the interests of judicial economy and justice to transfer this case in its entirety to the Court of Federal Claims so that all of the issues may be brought before and resolved by one court.  *See* 28 U.S.C. §§ 1404(a), 1497.  As already discussed, the Court of Federal Claims is already entertaining related litigation involving the same issues and essentially the same parties.  Piecemeal resolution of related claims among identical parties in two different courts would be inefficient, and there is a significant potential for contradictory rulings.  This case should be transferred in its entirety to the Court of Federal Claims.

**IV.  Conclusion**

5

After examining the relevant statutes, coupled with the specific facts of this case, the Court concludes that it has the authority to transfer this case to cure the want of jurisdiction, and that it is in the interest of justice to do so.  Furthermore, it is in the interest of justice and judicial economy that the entire cause of action, not just Weeks Marine's Third-Party Claims against the United States, be transferred.  Accordingly, the United States' Motion to Dismiss is **DENIED AS MOOT** and Weeks Marine's Motion to Transfer is **GRANTED**.  This case in its entirety is hereby **TRANSFERRED** to the United States Court of Federal Claims.  All pending Motions not yet addressed by the Court are hereby **DENIED**.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 15th day of November, 2005, at Galveston, Texas.


Samuel B. Kent
United States District Judge