IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FISHERMAN'S HARVEST, INC., et al. § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-151 |
| § | |
| WEEKS MARINE, INC., et al., § | |
| § | |
| Defendants, § | |
| § | |
| v. § | |
| § | |
| UNITED STATES ARMY CORPS OF § | |
| ENGINEERS, § | |
| § | |
| Third-Party Defendant. § | |

**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE THE COURT'S ORDER TRANSFERRING ENTIRE CASE TO THE COURT OF FEDERAL CLAIMS**

Plaintiffs in this case seek recovery for alleged damages to private oyster leases caused by a United States Army Corps of Engineers ("USACE") dredging project. On November 15, 2005, the Court transferred the present action in its entirety to the United States Court of Federal Claims. Now before the Court is Plaintiffs' Motion to Set Aside the Court's Order Transferring the Entire Case to the Court of Federal Claims. For the following reasons, Plaintiffs' Motion is **DENIED**.

The facts of this case have been laid out by the Court previously and will not be reiterated here. Likewise, the legal rationale for the Court's decision has also been previously laid out. Plaintiffs' Motion presents no new arguments with the exception of a brief reference to potential problems that Plaintiffs might have with applicable statues of limitations if the Court of Federal Claims were to transfer this case back to this Court. However, no explanation or elaboration on that point has been

1

made by Plaintiffs and thus, there is no genuine new argument or issue for the Court to consider. Plaintiffs' Motion is merely another attempt to persuade the Court of its interpretation of the relevant laws. The Court remains unconvinced and stands by its previous Order in this case. Pursuant to 28 U.S.C. § 1497, the United States Court of Federal Claims has been given exclusive jurisdiction over any claims for damages to oyster leases caused by "dredging operations or use of other machinery and equipment in making river and harbor improvements authorized by Acts of Congress." In its prior Order, the Court held that given the Court of Federal Claims' exclusive jurisdiction over Defendant Weeks Marine, Inc.'s claims against the USACE, the *entire case* should be transferred to the Court of Federal Claims. Specifically, the transfer of this case to the Court of Federal Claims provides for resolution of the case in its entirety by a single court; it avoids piecemeal resolution of intertwined and identical claims involving the same incident and among identical parties; and it eliminates the possibility of contradictory rulings by two different courts in a single dispute among identical parties. Plaintiffs' Motion seeks duplicative litigation in two different courts. Such a procedure would be inefficient and makes absolutely no sense from the standpoint of judicial economy. Furthermore, Plaintiffs have provided no authority nor do they make any convincing arguments encouraging such duplicative litigation.

      The Court acknowledges that other interpretations of the relevant statutes are feasible, and these alternative interpretations were before the Court when it originally considered the Parties' Motions on this matter. However, the Court is unpersuaded by those interpretations, then and now. Plaintiffs are entitled to their full rights of appeal, and to contest the Court of Federal Claims' jurisdiction over their claims in that Court. This Court will of course follow any interpretation of the Circuit Courts or the Court of Federal Claims, the latter of which is more aptly suited to resolve issues of its jurisdiction than this Court. Accordingly, Plaintiff's Motion is **DENIED**. Each Party is to bear its own taxable

costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 20th day of December, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge