**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| FISHERMAN'S HARVEST INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. G-05-151 |
| | § | |
| PBS&J, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case has been dormant for far too long. It was initially delayed by procedural issues, which required an appeal to resolve. Many of the motions shown as pending on the docket have been made moot by the passage of time. The following motions are addressed by this Memorandum and Order:

1. The motions to stay pending the outcome of the petition for certiorari, (Docket Entry Nos. 113, 114, 115). These motions are denied as moot.

2. The motion filed by the Army Corps of Engineers to dismiss the third-party complaint of Weeks Marine, (Docket Entry No. 123). This motion is granted, dismissing the claim without prejudice.

3. The motion filed by the plaintiffs for referral to ADR, (Docket Entry Nos. 136, 137). This motion is denied as premature.

Because of the delays this case has encountered, significant discovery may remain to be accomplished, which contributed to the finding that compelled mediation is inappropriate

1

at this time. However, the fact that the plaintiffs requested this relief reflects understandable frustration over the status of this case. Accordingly, a status conference will be held on **August 25, 2008**, at 8:30 a.m., to enter a scheduling order. The parties are ordered to confer on a proposed scheduling order for discovery, motions, and trial. To ensure that the case progresses, regular status conferences will be scheduled for the first Friday of every month, beginning on **October 3, 2008**, at 8:30 a.m. These conferences will address any discovery disputes or other pretrial issues, explore possibilities for coordination with the related case pending in the Court of Federal Claims, and ensure that the case is proceeding efficiently. The conferences are scheduled for November 7, 2008, December 5, 2008, and January 9, 2009. If there is no reason for a conference to occur as scheduled, the parties may notify the case manager that it is unnecessary and it will be canceled.

The reasons for the rulings on the motions are set out below.

**I.     Background**

Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson Vallejo, Vickie Jo Nelson Salazar, Childress Seafood, Inc., W.F. Childress, and Alton Lee Kelly sued PBS&J, Huston & Associates, Inc., Bertucci Contracting Corporation, Weeks Marine, Inc., and Luhr Brothers, Inc. The plaintiffs are oyster growers who own oyster leases in Galveston Bay and Trinity Bay or business involving the harvesting, processing, and sale of oysters in Smith Point, Texas. They alleged that their oyster leases and businesses suffered damage as a result of maintenance dredging and widening in the Trinity River and

maintenance dredging in the channel at Smith Point. The United States Army Corps of Engineers initiated the dredging projects and involved Weeks Marine, Inc. and the other defendants as contractors, subcontractors, and suppliers. The plaintiffs sued the private contractors in federal court, invoking federal question and diversity jurisdiction, and alleging negligence in the design and implementation of the dredging projects. Weeks Marine filed a third-party complaint against the Army Corps of Engineers, alleging a contractual right to contribution and indemnity. The Army Corps of Engineers moved to dismiss the third-party complaint for lack of jurisdiction, asserting that the Court of Federal Claims had exclusive jurisdiction over Weeks Marine's contribution and indemnification claim, under 28 U.S.C. §§ 1491(a) and 1497. In response, Weeks Marine moved to transfer the case to the United States Court of Federal Claims. (Docket Entry No. 69). On November 16, 2005, the district court then presiding over this case granted the motion and transferred both the plaintiffs' claims against the private contractors – including Weeks Marine – and the third-party claim filed by Weeks Marine against the Army Corps of Engineers – to the United States Court of Federal Claims. (Docket Entry No. 81). On January 13, 2006, the plaintiffs appealed that part of the transfer order that transferred their claims against the private contractors to the Court of Federal Claims. (Docket Entry No. 96; Docket Entry No. 112). There was no appeal from the portion of the district court's judgment that transferred Weeks Marine's third-party claim against the Corps of Engineers. The case was stayed pending the transfer and appeal from the transfer order. 28 U.S.C. § 1292(d)(4)(B).

On June 21, 2007, the Federal Circuit reversed the district court's order transferring the oyster grower plaintiffs' claims against the private contractors to the Court of Federal Claims. (Docket Entry Nos. 111, 112). These claims were remanded to the district court. The Federal Circuit did not scrutinize the district court's conclusion that under 28 U.S.C. § 1497, the Court of Federal Claims had exclusive jurisdiction over Weeks Marine's third-party complaint against the Army Corps of Engineers. The Federal Circuit instead held that the district court had erred in concluding that there was a "want of jurisdiction" in the district court over the oyster growers' private tort action against the private contractors and that 28 U.S.C. § 1404(a) did not permit transfers from a district court to the Court of Federal Claims. The Federal Circuit stated in the opinion it issued that it was only reversing the transfer of the oyster growers' claims against the private contractors and remanding those claims to the district court. (Docket Entry No. 112). The Federal Circuit stated in the judgment it issued that the "cause" was reversed and remanded. (Docket Entry No. 111).

The case in the Court of Federal Claims is styled *Fisherman's Harvest, Inc., et al., Plaintiffs, v. The United States, Defendant, and Weeks Marine, Inc., Intervenor-Defendant*, No. 1:05-840C and 1:05-1044C (consolidated). A number of depositions have been taken. As of July 1, 2008, there was a discovery cutoff in that case of August 15, 2008. The claims in that case are proceeding under 28 U.S.C. § 1497, which provides a strict liability damages cause of action against the United States. Weeks Marine is the only private contractor party in that case. The Federal Court of Claims denied Weeks Marine's motion to join other

private contractors as parties to that case. Weeks Marine has been realigned as an intervenor-defendant in the Federal Court of Claims case. That court concluded that Weeks Marine could enter the lawsuit between Fisherman's Harvest, *et al.* and the Corps of Engineers as an intervenor-defendant because of the potential for indemnity or contribution between the United States and Weeks Marine. *See Fisherman's Harvest et al., v. United States and Weeks Marine, Inc.*, 74 Fed. Cl. 681, 684–87 (Fed. Cl. 2006).

Since the Federal Circuit remanded the claims by the plaintiffs against the private contractors to this court, the parties have filed a number of motions. One resulted in the unopposed consolidation into this case of a closely related case, No. 3:06-cv-069. The other motions are addressed below.

**II.     The Motions to Stay**

Both Weeks Marine, Inc. and Nicolon Corporation petitioned the Supreme Court for a writ of *certiorari* from the Federal Circuit's decision. Defendants Luhr Brothers, Bertucci Contracting Corporation, Nicolon Corporation moved to stay pending the Supreme Court's decision on *certiorari*. (Docket Entry Nos. 113, 114, 115). Those motions to stay are now moot because the Supreme Court denied the writ.

**III.    The Motion to Dismiss the United States Army Corp of Engineers**

The United States has moved to dismiss Weeks Marine's third-party claim against it. The United States and the plaintiffs contend that the Federal Circuit's opinion did not disturb the district court's order transferring the Weeks Marine third-party claim against the Corps

of Engineers. Because that claim was not reversed and not remanded to this court, the United States contends that this court has only an administrative task of dismissal. Alternatively, the United States argues that if the Federal Circuit's order did remand the Weeks Marine third-party claim against the Corps of Engineers, the Federal Court of Claims has exclusive jurisdiction over that claim and dismissal is required on that basis. The United States argues for dismissal rather than transfer because the Court of Federal Claims already has before it the case filed by the plaintiffs against the Corps of Engineers in which Weeks Marine has intervened to assert its claim for indemnity and contribution. The private contractor defendants urge that if this court dismisses the Corps of Engineers, it should be without prejudice.

Weeks Marine asserts that this court should not dismiss its third-party claim for indemnity and contribution against the Corps of Engineers. Weeks Marine asserts that "[i]n effect, the [Federal Circuit] Court did not specifically address that part [Weeks Marine's third-party claim against the United States] of the transfer order. The Federal Circuit then remanded the entire case back to this Court." (Docket Entry No. 129 at 2). As a result, according to Weeks Marine, this court does have before it the claim against the United States. And, according to Weeks Marine, this court has jurisdiction over that claim and indeed is the only court able to decide all the claims among all the parties, public and private.

This court concludes that, contrary to Weeks Marine's argument, the Federal Circuit did not reverse or remand the Weeks Marine third-party claim for indemnity or contribution

against the United States Army Corps of Engineers. In the opening paragraph of its opinion, the Federal Circuit stated that the appeal before it was "from the portion of a judgment by the United States District Court for the Southern District of Texas transferring the oyster growers' claims against private contractors to the Court of Federal Claims." (Docket Entry No. 112 at 2). The Federal Circuit described the appeal it was considering, as follows: "[t]he oyster growers appeal from the district court's order to transfer their negligence claims against the private contractors to the Court of Federal Claims. . . ." (*Id*. at 5). The government had not appealed from the portion of the district court's judgment finding exclusive jurisdiction in the Court of Federal Claims over Weeks Marine's third-party complaint against the Army Corps or Engineers under 28 U.S.C. § 1497 and transferring that third-party claim to the Court of Claims. The Federal Circuit specifically stated that the only issue before it was "the propriety of the transfer of the oyster grower's claims against the private contractors." (*Id*. at 5 n.2). The Federal Circuit stated that it was taking no position on the propriety of the transfer of the third-party complaint filed by Weeks Marine against the United States. (*Id*.). That issue was not before the court. The Federal Circuit's concluding statement of its holding was that it reversed "the district court's order transferring the oyster growers' claims to the Court of Federal Claims and remand[ed] for further proceedings consistent with this opinion." (*Id*. at 15). Although the judgment referred to the remand of the "cause," the only cause on appeal was the portion of the district court's

judgment transferring the plaintiffs' claims against the private contractors, not the portion transferring Weeks Marine's third-party claim against the Corps of Engineers.

Because the remand did not include the third-party claim, the Corps of Engineers is not a proper party to this suit. The dismissal by this court, which is without prejudice, merely clarifies this. The dismissal leaves Weeks Marine's contribution and indemnity claim against the United States where it has been since 2006, in the Court of Federal Claims, which allowed Weeks Marine to intervene to assert this claim against the United States. *See Fisherman's Harvest et al., v. United States & Weeks Marine, Inc.,* 74 Fed. Cl. 681, 684–87 (Fed. Cl. 2006).

Weeks Marine argues that this district court "may be the only forum in which Weeks Marine can pursue its claims for contribution and indemnity." (Docket Entry No. 129 at 4). That statement is simultaneously overbroad and overly narrow. It is overbroad because, as pointed out in the dissent to the Federal Circuit's opinion, "[i]t is far from clear how this litigation could proceed in the district court to resolve the third-party complaint for monetary relief based on contracts with the United States." (Docket Entry No. 112, Newman, J., dissenting, at 5). The statement is too narrow because Weeks Marine clearly has another forum in which it can, and is, litigating its claim for contribution and indemnity against the United States, in the consolidated Court of Federal Claims cases, Nos. 05-840 and 05-1044C.

It is true that as a result of the procedural rulings in the district court, the Federal Circuit, and the Court of Federal Claims, there is no single forum in which the claims against

all the parties will be resolved. The negligence claim of the plaintiffs against the private dredging companies will be resolved in this court. The plaintiffs' strict liability claims against the United States, and Weeks Marine's third-party indemnity and contribution claim against the United States, will be resolved in the Court of Federal Claims. The appropriate response to this is not, however, to ignore the order transferring the third-party claim against the United States to the Court of Federal Claims, which was neither appealed from nor reversed, and to require the United States to litigate in both courts, particularly when it is unclear that this court may resolve the third-party complaint for monetary relief against the United States.

The motion to dismiss the third-party claim by Weeks Marine against the United States Army Corps of Engineers, without prejudice to the merits of that claim, is granted.

**IV.    The Motion for Referral to Mediation**

The plaintiffs ask this court to compel mediation, pointing to the impact of the loss of the oyster beds, the passage of time, and the investment made in this litigation. The defendants respond that the delays have also affected discovery and it is simply premature to have a fair or effective mediation now.

This court agrees that compelled mediation is not likely to be successful at this point. Nor would compelled mediation be fair to those parties who are not involved in the Court of Federal Claims litigation and who do not have the benefit of the discovery conducted in that

case. The motion to compel referral to ADR is denied at this time. It may be reurged when appropriate.

## V.     **Conclusion and Order**

The motions to stay are denied as moot. The motion to dismiss the third-party complaint against the United States Corps of Engineers is granted, without prejudice to the merits of that complaint. The motion to compel referral to ADR is denied at this time.

A status conference will be held on **August 25, 2008**, at 8:30 a.m., to enter a scheduling order. Regular status conferences will be scheduled for the first Friday of every month, beginning on **October 3, 2008**, at 8:30 a.m., to address any discovery disputes or other issues, to explore any possibilities for coordination with the related case in the Court of Claims, and to ensure that the case is proceeding efficiently. The conferences are scheduled for November 7, 2008, December 5, 2008, and January 9, 2009. If there is no reason for a conference to occur as scheduled, the parties may notify the case manager that it is unnecessary.

SIGNED on August 4, 2008, at Houston, Texas.

                                                                   Lee H. Rosenthal
                                                      United States District Judge