IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FISHERMAN'S HARVEST, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. G-05-0151 |
| POST, BUCKLEY, SCHUH & JERNIGAN, INC., *et al.*, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Defendant/Third-Party Plaintiff Weeks Marine, Inc. has moved this court to alter or amend its judgment dismissing Weeks Marine's third-party claim against the United States Army Corps of Engineers. Weeks Marine argues that administrative dismissal was improper because the claim was never actually transferred to the Court of Federal Claims. Weeks Marine seeks withdrawal of the dismissal order, severance of its third-party claim, and an administrative transfer. In response, the Army Corps of Engineers argues that a transfer would be premature and likely dismissed by the Court of Federal Claims.

Based on the motion, the response, and the reply; the record; and the applicable law, this court grants Weeks Marine's motion to alter or amend the judgment dismissing its third-party claim. The reasons are explained in detail below.

**I.   Background**

This dispute involves multiple parties, claims, and courts. The plaintiffs—Fisherman's Harvest, Inc., C. Joe Nelson, Jr., Doris Mae Nelson, Vanessa Jo Nelson Vallejo, Vickie Jo Nelson Salazar, Childress Seafood, Inc., W.F. Childress, and Alton Lee Kelly—allege that their oyster leases and businesses suffered damage as a result of maintenance dredging and widening in the Trinity River and maintenance dredging in the channel at Smith Point. The United States Army Corps of Engineers initiated the dredging projects. Weeks Marine, Inc. and the other defendants were contractors, subcontractors, and suppliers.

The plaintiffs sued the private contractors in the case in this court. Two of the plaintiffs, Childress Seafood, Inc. and W.F. Childress sought relief against the Army Corps of Engineers in an action filed in the Southern District of Texas. In July 2005, that action was transferred to the United States Court of Federal Claims. On August 1, 2005, all the plaintiffs in this case sued the Army Corps of Engineers in a separate action filed in the Court of Federal Claims. On August 19, 2005, Weeks Marine sought leave to intervene as a plaintiff in that action, alleging a right to contribution and indemnity from the Army Corps of Engineers. The two cases pending in the Court of Federal Claims were subsequently consolidated.

In this case—the remaining case in the Southern District of Texas—Defendant Weeks Marine filed a third-party complaint against the Army Corps of Engineers in June 2005, alleging a right to contribution and indemnity. (Docket Entry No. 29). The Army Corps of

Engineers moved to dismiss the third-party complaint for lack of jurisdiction, asserting that the Court of Federal Claims had exclusive jurisdiction over Weeks Marine's claim under 28 U.S.C. §§ 1491(a) and 1497. (Docket Entry No. 59). In response, Weeks Marine agreed that the Court of Federal Claims had exclusive jurisdiction but moved for transfer, rather than dismissal, of its third-party claim. (Docket Entry No. 69).

On November 16, 2005, the judge then presiding over this case granted Weeks Marine's motion to transfer. (Docket Entry No. 81). An order was entered transferring both the plaintiffs' claims against the private contractors—including Weeks Marine—and the third-party claim filed by Weeks Marine against the Army Corps of Engineers—to the Court of Federal Claims. (*Id.*). On January 13, 2006, the plaintiffs appealed that part of the order transferring their claims against the private contractors to the Court of Federal Claims. (Docket Entry No. 96; Docket Entry No. 112). There was no appeal from the portion of the district court's order that transferred Weeks Marine's third-party claim against the Army Corps of Engineers. This action was stayed pending the transfer and appeal from the transfer order. 28 U.S.C. § 1292(d)(4)(B).

In the consolidated Court of Federal Claims cases, Weeks Marine was realigned as an intervenor-defendant. *Fisherman's Harvest, et al. v. United States and Weeks Marine, Inc.*, 74 Fed. Cl. 681, 684-686 (Fed. Cl. 2006). The Court of Federal Claims concluded that the documents in the record both "supported indemnification of Weeks Marine by the United States and of the United States by Weeks Marine." *Id.* at 685. Because the case before it dealt with the liability of the United States, not of Weeks Marine, the court found Weeks

3

Marine's interest to aligned with the United States in arguing no liability by the United States to the plaintiffs. *Id.* The contract provisions that Weeks Marine relied on as an intervenor-plaintiff provided that the United States would be liable to Weeks Marine for indemnity or contribution for any damages assessed if Weeks Marine was held liable to the plaintiffs. *Id.* at 685. The Court of Federal Claims held that because it lacked jurisdiction over lawsuits between private parties, Weeks Marine was not properly an intervenor-plaintiff in the consolidated cases. *Id.* However, because Weeks Marine was also an indemnitor potentially required to pay the Army Corps of Engineers under their contract, the court realigned Weeks Marine as an intervenor-defendant. *Id.* at 686.

On June 21, 2007, the Federal Circuit reversed the district court's order transferring the oyster grower plaintiffs' claims against the private contractors to the Court of Federal Claims. (Docket Entry Nos. 111, 112). The Federal Circuit remanded these claims to this court. (*Id.*). The Federal Circuit did not scrutinize the district court's conclusion that under 28 U.S.C. § 1497, the Court of Federal Claims had exclusive jurisdiction over Weeks Marine's third-party complaint against the Army Corps of Engineers. The Federal Circuit stated in the opinion it issued that it was only reversing the transfer of the oyster growers' claims against the private contractors and remanding those claims to the district court. (Docket Entry No. 112).

On December 17, 2007, the Army Corp of Engineers moved this court to dismiss Weeks Marine's third-party claim for lack of jurisdiction. (Docket Entry No. 123). The Army Corps argued that because Weeks Marine's claim for indemnity and contribution was

4

considered in the consolidated Court of Federal Claims cases, dismissal was appropriate as a matter of "housekeeping." (*Id.*). This court granted the Corps of Engineers's motion to dismiss on August 4, 2008. (Docket Entry No. 144). On August 14, 2008, Weeks Marine moved to alter or amend this court's judgment under Rule 59(e), arguing that administrative dismissal was inappropriate because its third-party complaint was never transferred to or considered by the Court of Federal Claims. (Docket Entry No. 145).

## II.     The Legal Standard

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). Because granting a Rule 59(e) motion is such an extraordinary remedy, the Fifth Circuit has stated that the Rule 59(e) standard "favors

5

denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## III.  Analysis

Weeks Marine argues that this court should not have dismissed its third-party complaint because that complaint was never in fact transferred to the Court of Federal Claims. Weeks Marine maintains that the Court of Federal Claims was unaware of its third-party complaint when the court realigned Weeks Marine as an intervenor-defendant in the consolidated cases. The Army Corps of Engineers does not dispute that Weeks Marine's third-party complaint was never actually transferred to the Court of Federal Claims. The Army Corps argues that transfer under 28 U.S.C. § 1631 is not required because Weeks Marine has not made a *prima facie* showing of a right to relief. The Army Corps also asserts that a transfer would be duplicative of the interests already involved in the consolidated Court of Federal Claims cases.

Weeks Marine is correct that although the district court's transfer order included Weeks Marine's third-party complaint, and there was no appeal of that part of the order, the clerical step of transferring the third-party complaint did not occur. The third-party claim was never actually transferred to the Court of Federal Claims.

The district court previously presiding over this case entered the transfer order on November 16, 2005. That court stayed the entire case—the oyster grower's claims against the private contractors and Weeks Marine's third-party claim against the Army Corps—pending appeal of the transfer order. Because the transfer of Weeks Marine's third-

party claim was never appealed, this court examined the Army Corps of Engineers' December 17, 2007 motion to dismiss as if Weeks Marine's third-party claim had been transferred to the Court of Federal Claims. This court's August 4, 2008 order dismissing Weeks Marine's third-party claim "merely clarifie[d]" that Weeks Marine's claim remained in the Court of Federal Claims, where it had been transferred, and was not part of the Federal Circuit's remand to this court. Despite the November 2005 transfer order, and the absence of any appeal from the relevant part of that order, the administrative step of transferring the third-party complaint from the Southern District of Texas did not occur. Weeks Marine's third-party complaint was not docketed in the Court of Federal Claims.

When a district court "finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. In the November 2005 transfer order, the district court then presiding over this case held that it lacked jurisdiction to consider Weeks Marine's third-party claim. (Docket Entry No. 81). That holding remains undisturbed. The Federal Circuit did not scrutinize the conclusion that under 28 U.S.C. § 1497, the Court of Federal Claims had exclusive jurisdiction over Weeks Marine's third-party complaint against the Army Corps of Engineers. Weeks Marine could have brought its claim for indemnity and contribution against the Army Corps of Engineers in the Court of Federal Claims. Because Weeks Marine's third-party complaint was never administratively transferred to the Court of Federal Claims, it remained in this court while the plaintiffs' appeal was pending until August 4,

2008, when this court dismissed Weeks Marine's third-party complaint without prejudice. It is in the interest of justice to allow Weeks Marine's third-party complaint to be heard in the court of proper jurisdiction.

The Army Corps of Engineers argues that although Section 1631 provides for transfer in the interest of justice, transfer is not required because Weeks Marine has failed to make a *prima facie* showing of a right to relief in the Court of Federal Claims. *See Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992). Because there has been no judgment against Weeks Marine for which it could seek indemnification or contribution, the Army Corps argues that Weeks Marine's third-party complaint is speculative. (Docket Entry No. 148). The Army Corps of Engineers points to the statement of the Court of Federal Claims that "for Weeks Marine to have a claim against the United States, a court must first hold Weeks Marine liable to plaintiffs." *Fisherman's Harvest, et al.*, 74 Fed Cl. at 685. Because the Court of Federal Claims would not have jurisdiction over a dispute between plaintiffs and Weeks Marine, both private parties, the court held that Weeks Marine was "not properly an intervenor-plaintiff in this litigation." *Id.*

Weeks Marine has made a *prima facie* showing of a right to relief as a third-party plaintiff. The Court of Federal Claims only considered Weeks Marine's claim as an intervenor, not as a third-party plaintiff. Under Rule 14(a) of the Federal Rules of Civil Procedure, a defendant may implead one "who . . . may be liable to the third-party plaintiff for all or part of plaintiff's claim." As the leading treatise states:

> The words 'may be liable' mean that defendant is permitted to

8

> join someone against whom a cause of action has not yet
> accrued, provided that the claim is contingent upon the success
> of plaintiff's action and will accrue when defendant's liability
> is determined in the main action or plaintiff's claim is satisfied.

6 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1451, at 405-06 (2d ed. 1990). A third-party plaintiff may implead a third-party defendant to accelerate a contingent claim stemming from the third-party plaintiff's right of indemnity or contribution. *Id.* A third-party claim is a separate and distinct cause of action, and may be severed from the main action under Rule 42(b) of the Federal Rules of Civil Procedure. *Id.* at 456-58. If a district court lacks jurisdiction to hear a third-party claim for contribution, the court may sever the claim and transfer it to the proper tribunal under 28 U.S.C. § 1631. *Mesiti v. Microdot, Inc.*, 156 B.R. 113, 119 (D. N.H. 1993).

Contrary to the argument made by the Corps, transferring Weeks Marine's third-party claim would not be duplicative of interests already protected in the consolidated Court of Federal Claims cases. The Court of Federal Claims is currently considering Weeks Marine's potential indemnification of the Army Corps of Engineers because the Corps is the sole defendant in the consolidated cases. Weeks Marine's claim for indemnity and contribution as a third-party plaintiff has not been considered by the Court of Federal Claims, and transfer would not result in duplicative litigation.

The Court of Federal Claims has a number of options with respect to Weeks Marine's third-party claim, including staying the claim until the liability of Weeks Marine to the oyster

grower plaintiffs is resolved in this action;[1] joining the claim with the consolidated cases; or dismissing the claim without prejudice.  What the transferee court will do with the claim is not the relevant inquiry under Section 1631.  This court lacked jurisdiction over the third-party complaint.  The Court of Federal Claims has jurisdiction over that claim.  The claim was supposed to be transferred. It was not, due to clerical or administrative issues.  Because the Court of Federal Claims never considered Weeks Marine's claim for indemnity and contribution as a third-party plaintiff, it is in the interest of justice to sever Weeks Marine's claim against the Army Corps of Engineers and transfer it to the Court of Federal Claims.

**IV.    Conclusion**

Weeks Marine's motion to alter or amend the judgment dismissing its third-party claim is granted.  This court withdraws its order of dismissal, severs Weeks Marine's third-party claim, and transfers the claim to the Court of Federal Claims.

SIGNED on September 10, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] This was the approach of the court in *Dise v. Express Marine, Inc.*, No. 08-0127, 2008 WL 2163920 (S.D. Ala. May 19, 2008).